**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **ANTHONY RAY MATA, SR.** | § | **C.A. 3:18-cv-0002** |
| **as next friend of COREY MATA** | § | |
| **Plaintiff** | § | **On removal from the 189th District** |
| **V.** | § | **Court of Harris County, Texas** |
| | § | **Case No. 2017-39271** |
| **L & M BOTRUC RENTAL, LLC** | § | |
| **Defendant** | § | **JURY TRIAL** |

**DEFENDANT L & M BOTRUC RENTAL, LLC'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant L&M Botruc Rental, LLC ("Botruc") hereby gives notice and removes this case to the United States District Court for the Southern District of Texas, Galveston Division.

Botruc represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

**Background and Procedural Requirements.**

1. Botruc is the named defendant in the matter styled "*Anthony Ray Mata, Sr. as next friend of Corey Mata v. L&M Botruc Rental, LLC*," pending in the District Court of Harris County, Texas, 189th Judicial District, and bearing the case number 2017-39271 (the "State Court Action"). *See Plaintiff's Original Petition* attached as Exhibit A.

2. Plaintiff commenced the State Court Action by filing his Original Petition and Request for Disclosure in the District Court of Harris County, Texas, 189th Judicial District, on June 12, 2017 while a matter involving the same transaction or occurrence (i.e. the June 12, 2015 injury to Corey Mata who was working as a technician for Blue Fin Services on Freeport McMoran's platform located at High Island offshore Texas) was then currently pending before

this Court in Civil Action No. 3:15-cv-00155 (the "Federal Court Action"). *Id* at ¶5.2. *See also Plaintiff's Fourth Amended Complaint* at ¶4.1, R. Doc. 20 in the Federal Court Action.

3. Despite filing the State Court Action in June 2017, Plaintiff took no action toward Citation or service for many months. Plaintiff also failed to advise this Court that Botruc might be an interested party in the Federal Court Action.[1]

4. On November 14, 2017, approximately two months after this Court closed the Federal Court Action, Plaintiff filed his First Amended Petition and Request for Disclosure correcting references in some paragraphs of "Plaintiff" to "Corey Mata" and correcting other typographical errors. *See* Exhibit C, Plaintiff's First Amended Original Petition at Section 6.

5. Plaintiff sought and received a Citation for Service on Botruc. Exhibit E.

6. Botruc was served with process on December 26, 2017.

7. This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b), as computed pursuant to Fed. R. Civ. P. 6(a).

8. Pursuant to 28 U.S.C. § 1446(a), Botruc attaches hereto as Exhibits A through I, a copy of all process, pleadings and orders from the State Court Action and documents served on Botruc.

**Original Federal Jurisdiction Exists Pursuant to OCSLA and the Federal Question Statute.**

9. Plaintiff's First Amended Original Petition states that Corey Mata "was severely injured as he was being transferred **to** Defendant's vessel via personnel basket from a platform located at High Island offshore Texas," and that "[d]uring the personnel transfer, the basket crashed into the crane boom rest **on the platform** and then sling-shotted the individuals into the air." Exhibit A at

[1] *See* Plaintiffs' Certificate of Interested Parties, R. Doc. 6 in the Federal Court Action; *c.f.* Plaintiffs' First Amended Trial Exhibit List, R. Doc 144, at Item No. 59, "L&M Botruc Daily Master's Log (Maillet Depo Ex. 59)" filed on July 18, 2017.

¶ 5.2 (emphasis added).

10. OCSLA Jurisdiction: As judicially admitted by Plaintiff in his basis for jurisdiction in his Fourth Amended Complaint filed in the Federal Court Action[2], this case is removable to this Court under the jurisdictional grant of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1301, *et seq*. OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1).

11. OCSLA defines "minerals" to include "oil, gas, sulphur, geopressured-geothermal and associated resources." 43 U.S.C. § 1331(q). "Exploration" is the "process of searching for minerals, including . . . any drilling." 43 U.S.C. § 1331(k).

12. The State Court Action "aris[es] out of" and "in connection with" an (unsuccessful) transfer of personnel "from a platform located at High Island offshore Texas," on the outer Continental Shelf ("OCS"). Plaintiff admits the "locus" for his injury as the offshore platform stating in his First Amended Original Petition, "[d]uring the personnel transfer, the basket crashed into the crane boom rest **on the platform** and then sling-shotted the individuals into the air." Exhibit A at ¶ 5.2 (emphasis added). As a result, this Court has original subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A).

13. Plaintiff, in his active pleading in the State Court Action, fails to plead a maritime "locus" – namely that his injury was caused by contact with the vessel or with navigable waters.

14. Federal Question Jurisdiction: This Court also has subject matter jurisdiction under

[2] *See* R.Doc. 20 in the Federal Court Action at ¶2.1 where Plaintiff states "This case is brought under the Outer Continental Shelf Lands Act (OSCLA), 43 U.S.C. § 1301, *et. seq.*"

28 U.S.C. § 1331, in that the claims asserted arise under a federal statute, namely, OCSLA, 43 U.S.C. § 1331, and because claims involving federal enclaves like the Outer Continental Shelf by their nature arise under federal law. Federal-question claims ordinarily are subject to the well-pleaded complaint rule, but cases involving federal enclaves and matters falling within OCSLA jurisdiction are not subject to the well-pleaded complaint rule because they unavoidably involve federal and not state law, regardless of whether a plaintiff invokes federal law on the face of the complaint.

15. OCSLA not only provides that federal courts have original jurisdiction over all cases arising out of OCS operations, but it also directly specifies that federal law governs as a substantive matter. *See* 28 U.S.C. § 1333(a)(1). Hence, federal question jurisdiction under 28 U.S.C. § 1331 inherently and unavoidably exists over claims that arise out of OCS conduct.

16. Plaintiffs' claims "arise under" federal law for purposes of removal under 28 U.S.C. § 1441(c)(1) because OCSLA establishes a federal enclave on the OCS. Claims arising out of conduct within federal enclaves necessarily arise under federal law.

**Venue and Removal Under 28 U.S.C. §§ 1441(a) and (b).**

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the Southern District of Texas, Galveston Division is located in the district and division in which the State Court Action was pending. Additionally, in compliance with Local Rule 5.2, since the same transaction or occurrence was "recently" litigated in this Court, Botruc seeks assignment of this matter to the Honorable George C. Hanks, Jr.

18. Finally, this matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Southern District of Texas has original subject matter jurisdiction under 43 U.S.C. § 1349 and 28 U.S.C. § 1331.

**Effectuation of Removal.**

19. Botruc hereby removes this action to the United States District Court for the Southern

District of Texas, Galveston Division.

20. By filing this Notice of Removal, Botruc expressly consents to the removal.

21. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers, including the First Amended Original Petition on file in the record of the State Court Action which are within the possession, custody and control of Botruc are attached as Exhibits A through H.

22. The allegations of this Notice were true at the time the First Amended Original Petition was filed and remain true as of the date of filing of this Notice of Removal.

23. Undersigned counsel certifies that a notice of filing of removal will be promptly filed with the District Court of Harris County, Texas, 189th Judicial District.

WHEREFORE, Botruc hereby removes this action to the United States District Court for the Southern District of Texas, Galveston Division.

Respectfully submitted

W. SEAN O'NEIL, ATTORNEY AT LAW
*/s/ W. Sean O'Neil*
W. Sean O'Neil
Attorney-in-Charge
Texas State Bar No. 24033807
Fed. Id. No. 24835
1880 S. Dairy Ashford St., Suite 208
Houston, Texas 77077
Telephone: (281) 496-0193
Telefax: (281) 496-0680
Email: wsoneil@wsolaw.com
*Attorney for Defendant, L&M Botruc Rental, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the above and foregoing instrument has been served by electronic CM/ECF filing, on this 8th day of January 2018, as follows

*/s/ W. Sean O'Neil*
W. Sean O'Neil